MONTAGUE, Appellant, vs. NORTHWESTERN MUTUAL LIFE
    INSURANCE COMPANY, Respondent: T. G. MONTAGUE,
    interpleaded.

*June 4—July 3, 1920.*

*Insurance: Option as to manner of payment: Revocation: Evi-
    dence: Correspondence between insurer and insured.*

1. Where a life insurance policy, with the indorsements thereon,
    did not fully express the arrangements made by the parties
    when the contract was negotiated, correspondence between
    them was competent to show their understanding as to
    whether a clause in the policy had been revoked or suspended.
2. In an action on an endowment policy involving the issue of
    whether the proceeds of the policy were payable in a lump
    sum or by instalments under an option clause, the evidence
    is *held* to support a finding that a request for an option
    settlement was not revoked by a change of beneficiaries, made
    necessary when the insured secured a loan on the policy, and
    that it was in full force on insured's death after reinstate-
    ment of the original beneficiaries.

APPEAL from a judgment of the circuit court for La
Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This action was brought to procure the payment in a lump
sum of $25,000 by the defendant company to plaintiff as
beneficiary of a life insurance policy issued by the defend-
ant company to Wallace R. Montague, father of the plaint-
iff. Wallace R. Montague died during the endowment
period, and the only question litigated is whether the amount
of the policy is payable in a lump sum or by instalments un-
der what is designated as "Option A."

The complaint alleges, in substance, that on March 23,
1910, defendant issued a policy and insured the life of Wal-
lace R. Montague in the sum of $25,000, payable to such
beneficiaries as might thereafter be designated under the
contract, if any; that on or about August 6, 1910, insured
named *Wallace R. Montague, Jr.,* the plaintiff, as benefi-

Montague v. Northwestern Mut. L. Ins. Co. 172 Wis. 192.

ciary in the policy, and his children and a brother as contingent beneficiaries, an indorsement to that effect being entered on the policy; that at this time the insured requested that settlement be made with the beneficiary under the provisions of Option A, with the privilege of surrendering $5,000 of the proceeds of the policy after the beneficiary attained the age of forty years, and that an indorsement to this effect was also affixed to the policy; that about August 28, 1915, insured requested defendant to change the beneficiary from *Wallace R. Montague, Jr.,* the plaintiff, to the executors, administrators, or assigns of the insured, and thus revoked the appointment of the contingent beneficiaries, and that indorsement of this change of beneficiary was duly made on the policy; that on August 24, 1916, insured revoked the last designation of beneficiary under the policy and renamed the plaintiff, *Wallace R. Montague, Jr.,* as beneficiary, and at the same time designated certain contingent beneficiaries, and an indorsement to that effect was duly entered upon the policy.

The complaint further alleges that each of these requests was made in accordance with the rules and regulations of the defendant; that on February 18, 1919, while the policy was in full force and effect, and all the premiums paid, Wallace R. Montague, the insured, died, having made no other designation of beneficiary; that the defendant company has refused to pay any part of the $25,000 and other accrued amounts, for the reason, as it alleges, that the settlement of the beneficiary should be made only under the provisions of Option A, the insured having requested such settlement on or about August 8, 1910, and never having revoked said request for settlement under Option A.

The complaint also alleges that in fact the insured's request for payment under Option A had been revoked by the changing of the beneficiary or beneficiaries from *Wallace R. Montague, Jr.,* to the executors of insured, and ever since

that time has been of no effect and has been superseded by subsequent changing of beneficiary without again requesting that the settlement should be made under Option A.

Defendant contends that the indorsement of August 28, 1915, changing the beneficiary to the executors of insured, was for the sole purpose of obtaining a loan from defendant on the security of the policy and was made pursuant to advice that such change was necessary to obtain such loan; that insured at that time designedly omitted to revoke the indorsement providing for settlement under Option A, because he intended, after the loan was obtained, to again rename plaintiff and his children as beneficiaries, and that Option A should therefore again be effective. The defendant alleges that when the loan was paid and the policy redelivered to the insured he was informed that the indorsements thereon provided for settlement under Option A, that he made no objection to the policy, nor did he at any time ask for any change or modification of any of the indorsements.

A trial was had before the court. The court found that the change of beneficiary had been made in the manner described in the complaint, but found, in addition, that on August 24, 1916, the insured requested and obtained from the insurance company an indorsement upon the policy reinstating *Wallace R. Montague, Jr.,* as beneficiary and reinstating the contingent beneficiaries in identically the same manner as the indorsement of August 8, 1910; that the loan on the policy made in August, 1915, was repaid by the insured in March, 1917, and the policy redelivered to him with the indorsement thereon of August 8, 1910, directing that settlement under the policy should be made under the provisions of Option A, and that such direction was never at any time or in any manner revoked by the insured during his lifetime; that the beneficiary change made in August, 1915, for the purpose of securing a temporary loan from the insurance company, was not intended by insured as a rev-

ocation of the existing policy indorsement that settlement be made with the beneficiaries under the provisions of Option A.

As conclusions of law the court found that settlement under the provisions of Option A was merely suspended during the time the policy was payable to the insured's executors and was not revoked by the beneficiary change; that the policy is now payable under Option A; and that defendant is entitled to judgment dismissing the complaint upon the merits with costs. Judgment was entered accordingly, and from this judgment plaintiff appeals.

For the appellant there was a brief by *Winter, Morris, Esch & Holmes* of La Crosse, and oral argument by *Frank Winter*.

For the respondent there was a brief by *George Lines* and *Sam T. Swansen,* both of Milwaukee, and oral argument by *Mr. Swansen*.

SIEBECKER, J. The appellant assails findings 7 and 9 of the trial court as not supported by the evidence. The material facts of these findings are that when the policy in question was redelivered to the insured by the defendant upon payment of the loan in March, 1917, it had indorsed thereon the original indorsement of August, 1910, to the effect that settlement of the policy should be made under the provisions of Option A; that such direction had never been revoked by the insured, and that the insured and insurer by their negotiations for the loan in August, 1915, did not intend that the clause specifying that settlement of the policy was to be made under Option A should stand revoked, but that it was only suspended until the loan was paid, and that upon payment of the loan and the renaming of the former beneficiaries it was understood that settlement of the policy under Option A was to be effective. It is urged that the court erred in finding that the correspondence in May, 1917, by the local agent at the insured's re-

quest, and the company's answer thereto, shows the under-standing of the parties on this point.    This correspondence in itself clearly shows that the insured informed the company that he intended that his son and children were to be reinstated as beneficiaries under the same option settlement theretofore indorsed on the policy.    The company expressly assented thereto by stating that the policies were payable as the insured desired and that the former designation of beneficiaries and option settlement were reinstated under date of August 24, 1916, "in accordance with insured's request at that time."    The correspondence amply sustains these conclusions.    It is considered that the policy with the indorsements thereon does not fully express the arrangements made by the parties when the contract was negotiated. Under such circumstances evidence of this transaction is admissible to show their understanding.    This made the correspondence on the subject competent evidence for such purpose.    The provision in the policy declaring that a revocation of the option settlement indorsed on the policy at the insured's request could only be changed through a written demand filed at the home office of the company, and the fact that no such written demand was made by the insured, tends to support the finding of the trial court that the option settlement was in fact not intended to be revoked when the loan was secured.

An additional and persuasive fact sustaining the court's conclusions is that when the policy was returned to the insured in March, 1917, it showed on its face that the option had at no time been canceled by his acts or by the acts of the company.    Insured's retention of the policy with this written indorsement, without objection or protest, is evidence tending to show that he acquiesced in the terms of the contract as they appeared on the policy.    We think the trial court properly concluded that "after he [the insured] paid the loan he received and held the policy until his death with the express direction indorsed thereon, and . . . that it must

be held that such direction was in force at the time of his death, and that settlement of the policy must be made in accordance therewith."

*By the Court.*—The judgment appealed from is affirmed.